UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VICTOR GUTTMANN, Plaintiff, v. LA TAPATIA TORTILLERIA, INC., Defendant. | Case No. 15-cv-02042-SI<br><br>**ORDER SETTING DISCOVERY AND BRIEFING SCHEDULE ON QUESTION OF STANDING**<br><br>Re: Dkt. No. 16, 30 |
|---|---|

For the reasons which follow, the hearing on defendant's pending motion to dismiss, currently scheduled for August 28, 2015, is continued to October 9, 2015 at 9:00 a.m.

## BACKGROUND

This is a consumer class action. Defendant, La Tapatia Tortilleria, Inc., is the manufacturer of various food products containing the statement "0g Trans Fat" on their labels and/or packaging. Complaint ¶ 76. This statement is often accompanied by a statement of "Healthier Options" or an image of a heart. *Id.* ¶¶71-76. Plaintiff, Victor Guttmann, alleges that the product label is false and misleading, because the products contain partially hydrogenated oils ("PHO"), which are themselves a form of trans fat. *Id.* ¶ 14. Plaintiff states that approximately once a month "over the past several years," he purchased a package of defendant's PHO-containing tortilla product. Complaint ¶ 10, 66. He alleges that he relied on the misleading labeling in deciding to purchase the tortillas. *Id.* ¶ 69. Plaintiff discusses in great detail the health risks associated with the consumption of PHOs, citing studies linking its consumption to increased risk of heart disease,

type-2 diabetes, cancer, Alzheimer's disease, and organ dysfunction. ¶¶ 33-64. In plaintiff's view, the weight of scientific authority dictates that there is "no safe level of trans fat intake." *Id. ¶* 19.

Plaintiff filed this action on May 6, 2015 in this district. Docket 1, Complaint. This case is part of a series of actions initiated by plaintiff against food companies who manufacture products containing trans fats. *See Chacanaca, Guttmann v. Quaker Oats Co.*, 752 F. Supp. 2d 1111 (N.D. Cal. 2010); *Peviani, Guttmann v. Hostess Brands, Inc.*, 750 F. Supp. 2d 1111, 1114 (C.D. Cal. 2010); *Guttmann v. Nissin Foods (U.S.A.) Co., Inc.*, No. C 15-00567 WHA, 2015 WL 4309427 (N.D. Cal. July 15, 2015); *Guttmann v. Ole Mexican Foods, Inc.,* C. 14–04845 (N.D.Cal.). The Complaint alleges causes of action for:  (1) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 *et seq*; (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500 *et seq*; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750 *et seq.*; (4) breach of express warranty; and (5) breach of implied warranty of merchantability. On June 29, 2015, defendant filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (b)(6). Docket No. 16. On August 3, 2015, plaintiff filed a motion for leave to file a surreply.[1] Docket No. 30.  The motion to dismiss is currently set for hearing on August 28, 2015.

## DISCUSSION

La Tapatia argues that plaintiff's causes of action are preempted by federal law, and should therefore be dismissed for failure to state a claim. Defendant also argues that plaintiff's complaint should be dismissed for lack of Article III standing. Specifically, defendant contends that Guttmann lacks standing because (1) he cannot plausibly allege reliance, (2) he has not suffered an

---

[1] Plaintiff's motion for leave to file a surreply is **GRANTED**.

economic or health-related injury, (3) he has not purchased some of the products he challenges, and (4) he cannot allege a violation of California law for sales occurring outside of California. Defendant's concerns raise a significant question as to whether plaintiff has standing to invoke the power of the federal courts, and therefore whether he "is entitled to have the court decide the merits of the dispute or of particular issues." *Allen v. Wright*, 468 U.S. 737, 750-51(1984) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Similar concerns were raised by the defendant in a different trans fat case brought by plaintiff Guttmann in this district. *See Guttmann v. Nissin Foods (U.S.A.) Co., Inc.,* No. C 15-00567 WHA, 2015 WL 4309427, at *6 (N.D. Cal. July 15, 2015). In *Nissin*, Judge Alsup ordered the parties to conduct limited discovery on the question of standing so that the issue could be decided on the basis of an evidentiary record, rather than the pleadings. The Court agrees with Judge Alsup's reasoning, and adopts this approach. Defendant's standing arguments raise a jurisdictional question that should be resolved at the outset of the litigation.

Accordingly, **IT IS ORDERED AS FOLLOWS**:  La Tapatia is entitled to propound no more than five requests for production of documents and plaintiff shall sit for a one-day deposition – all focused on the question of standing. This discovery shall be completed by **September 9, 2015**. No fewer than three days prior to his deposition, Guttmann shall sign a sworn declaration detailing (1) the approximate dates and quantities of the accused products that he purchased and consumed, (2) the extent which he was aware that a food product whose label indicates that it contains 0 grams of trans fat, may in fact contain an amount of trans-fat that is less than 0.5 grams, and (3) whether he has been diagnosed with any of the ailments that he alleges are caused by trans fat consumption.

The parties shall file briefs on the question of standing no later than **September 23, 2015**, and the parties shall appear for oral argument on **October 9, 2015**.  The parties' briefs should also

address Judge Alsup's August 14, 2015 order in *Nissin*, dismissing plaintiff's case for lack of standing. *See* Docket No. 31, Exh. 1. Oral argument on defendant's motion to dismiss, currently set for August 28, 2015, is rescheduled for **October 9, 2015**.

**IT IS SO ORDERED.**

Dated: August 18, 2015

_____
SUSAN ILLSTON
United States District Judge